# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1690V
UNPUBLISHED

| | |
|---|---|
| KYLE PAPPAS,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 13, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Guillain-Barre Syndrome (GBS) |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

### **RULING ON ENTITLEMENT**[1]

On August 12, 2021, Kyle Pappas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – Guillain-Barre Syndrome (GBS) – as a result of his November 24, 2019 influenza ("flu") vaccination. Petition at 1, ¶ 27. Petitioner further alleges that his condition persisted for more than six months and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition ¶¶ 24-25, 27.

On September 7, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent indicates as follows:

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and medical records filed in this case and have concluded that petitioner suffered GBS following a flu vaccine within the Table time period, and there is not a preponderance of the medical evidence that petitioner's GBS was due to a factor unrelated to the vaccination.

*Id.* at 5 (citing See 42 C.F.R. § 100.3(a); 42 U.S.C. 6 § 300aa-13(a)(1)). Respondent further agrees that

> [t]he claim also meets the statutory severity requirements because petitioner experienced sequelae of his GBS for more than six months. *See* 42 U.S.C. § 300aa-11(c)(1)(D)(i). Therefore, based on the record as it now stands, compensation is appropriate, as petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
